# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

LATISHA DENISE FARROW,

    Plaintiff,

v.

WILL FRAZIER, et al.,

    Defendants.

CIVIL ACTION NO.: 2:17-cv-150

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On December 12, 2017, Plaintiff filed this action, *pro se*, pursuant to 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleging employment discrimination against her by Defendants. (Doc. 1.) Concurrent with her Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis*. (Doc. 2.) Prior to ruling on Plaintiff's Motion, the Court advised Plaintiff that she could not maintain a Title VII action against individually named defendants and directed her to file an amended complaint against a proper employer defendant and to include additional information regarding her pursuit of administrative remedies. (Doc. 5.) Plaintiff then filed an amended complaint naming a cognizable defendant. (Doc. 6.)

As set forth below, Plaintiff has now named a cognizable defendant, and she has apparently exhausted her administrative remedies, (doc. 5, pp. 5–6); thus, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis*, and her federal claims against Defendant King & Prince Seafood may proceed. However, I **RECOMMEND** that the Court **DISMISS** Plaintiff's federal claims against Defendants Will Frazier, Mrs. Linda, Tawana Hardee, Brittany,

Mrs. Carolyn, and Michael Arrinston for failure to state a claim and that the Court **DISMISS without prejudice** Plaintiff's state and local law claims against all Defendants.[1]

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of her assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that she is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua sponte* dismissed). This R&R constitutes fair notice to Plaintiff that her suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present her objections to this finding, and the District Court will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's R&R constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond). Additionally, this R&R provides Plaintiff the opportunity to amend her Complaint to correct the deficiencies noted herein. See Fed. R. Civ. P. 15. Should Plaintiff seek to amend her Complaint, she must file the amendment within fourteen (14) days from the date of this R&R.

Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157,

1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**I.      Plaintiff's Amended Complaint**

In her original Complaint, Plaintiff asserted various employment discrimination claims only against individual co-workers. (Docs. 1, 1-1.) The Court advised Plaintiff that she could not state a claim against individually named defendants under Title VII, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, or the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 *et seq*. (Doc. 5.) The Court instructed Plaintiff to amend, (id.), and in her Amended Complaint, Plaintiff names King & Prince Seafood as Defendant, as well as all of the individual Defendants named in the original Complaint. (Doc. 6.) Plaintiff also alleges Defendants violated Georgia law, as well as local law, but does not identify which state and local laws Defendants allegedly violated or what conduct resulted in these alleged violations. (Id. at p. 3; Doc. 6-1.)

As Plaintiff should now be well aware, she may not bring federal employment law discrimination claims against her co-workers in their individual capacities. Individual employees are not subject to liability under the federal discrimination laws Plaintiff claims Defendants violated. Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007) (holding "individual liability is precluded for violations of the ADA's employment discrimination provision"); Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006) (holding "relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a

4

violation of the Act"); Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (holding individual employees "cannot be held liable under the ADEA").

Accordingly, the Court should dismiss Plaintiff's federal discrimination claims against Defendants Will Frazier, Mrs. Linda, Tawana Hardee, Brittany, Mrs. Carolyn, and Michael Arrinston, the individual co-worker Defendants. Plaintiff's Title VII, ADEA, and ADA claims against Defendant King & Prince Seafood shall remain pending before the Court.

## II. Supplemental Jurisdiction over Plaintiff's State and Local Law Claims

Plaintiff alleges Defendants violated state and local laws but does not specify which state or local law claims she intends to bring in this action. (Docs. 6, 6-1.) Likewise, Plaintiff fails to identify what conduct by which Defendant she alleges violated state and local law. (Id.) At best, Plaintiff alleges Defendant Brittany committed assault and battery by trying to touch her eye lids and by bumping her as they walked together. (Doc. 6-1, p. 1.) Plaintiff also makes allegations that she bumped Defendant Tawana Hardee, (id. at p. 3), but on the whole, Plaintiff's state and local law allegations are utterly unclear. What is clear, however, is that the gravamen of Plaintiff's Amended Complaint concerns Defendant King & Prince Seafood's alleged retaliation, hostile work environment, failure to promote, and unlawful termination. (Doc. 6, p. 4; Doc. 6-1.)

A federal court can exercise supplemental jurisdiction over claims that are so related to a plaintiff's federal claims that they form part of the same case or controversy. 28 U.S.C. § 1367(a). "The Constitutional 'case or controversy' standard confers supplemental jurisdiction over all state law claims which arise out of a common nucleus of operative fact." Lucero v. Trosch, 121 F.3d 591, 597 (11th Cir. 1997) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 724–25 (1966)). A federal district court can decline to exercise supplemental jurisdiction over a pendent state claim under 28 U.S.C. § 1367(c) if:

> (1) the claim raises a novel or complex issue of state law;
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"In determining whether [dismissal] is appropriate under any of these four categories the Court must make a case specific analysis and consider factors including judicial economy, convenience, fairness to litigants, and comity. Gibbs, 383 U.S. at 726.

In a proceeding before a district court upon a federal cause of action, the court has substantial discretion in determining whether to exercise supplemental jurisdiction over pendent state-law claims. 28 U.S.C. § 1367; Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088–89 (11th Cir. 2004) (per curiam). This discretion survives even where all federal claims are dismissed. Raney, 370 F.3d at 1088–89; see also Palmer v. Hosp. Auth., 22 F.3d 1559, 1567–68 (11th Cir. 1994). Ordinarily, when all federal claims are eliminated before trial, the district court should decline to exercise jurisdiction over the remaining state-law claims. Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). Nevertheless, the decision ultimately rests within the district court's discretion, to be guided by considerations of judicial economy, fairness, comity, and convenience. Id.; see also Casey v. City of Miami Beach, 805 F. Supp. 2d 1361, 1362 (S.D. Fla. 2011) (declining to remand where factors favored retention of jurisdiction though federal claims were dismissed).

In their current state, Plaintiff's state law claims are not pleaded clearly enough to allege that they arise out of the same common nucleus of operative fact as the federal claims. Further, assuming that they are so related, the Court should nonetheless decline to exercise supplemental

jurisdiction over the state law claims. Although Plaintiff's putative assault and battery claims do not raise novel or complex issues, Plaintiff fails to specify which other state and local law claims she wishes to bring and does not detail what alleged facts gave rise to these claimed violations. Moreover, Plaintiff has not cited, and the Court is not aware of, any state or local employment discrimination laws applicable to Plaintiff's facts and cognizable in this cause of action. Furthermore, it appears Plaintiff seeks to bring these state law claims against the individual co-worker Defendants, and I have recommended that the Court dismiss all claims against those Defendants over which the Court has original jurisdiction. Finally, should the Court permit Plaintiff to assert state law assault and battery claims against Defendant Brittany, as well as other unspecified state and local law claims, in her employment discrimination suit against Defendant King & Prince Seafood, those distinct state and local claims would predominate over her federal employment law claims. Given this early stage of litigation, judicial economy will ultimately be preserved and Plaintiff will not be inconvenienced by having to bring her state and local claims, whatever those may be, in a state forum.

Therefore, the Court should decline to exercise its discretion to maintain supplemental jurisdiction over Plaintiff's cursory state and local law claims and **DISMISS without prejudice** those claims against all Defendants.

### III. Motion to Proceed *in Forma Pauperis*

In a Title VII action, the Court "may authorize the commencement of the action without the payment of fees, costs, or security." 42 U.S.C. § 2000e-5(e)(1). Additionally, pursuant to 28 U.S.C.A. § 1915(a), the Court may authorize the commencement of any lawsuit without prepayment of fees. Of course, when assessing whether to grant *in forma pauperis* status, the Court considers the filing fee, which, in this civil action is $400. See 28 U.S.C. § 1914.

In her Motion for Leave to Proceed *in Forma Pauperis*, Plaintiff provides sufficient evidence that she cannot afford to pay the filing fee in this action. (Doc. 2.) Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis*.

As the Plaintiff is hereby authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(2). In most cases, the Marshal will first mail a copy of the complaint to each defendant by first-class mail and request that each defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the Marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis*, and her federal claims against Defendant King & Prince Seafood may proceed. However, I **RECOMMEND** that the Court **DISMISS** Plaintiff's federal claims against Defendants Will Frazier, Mrs. Linda, Tawana Hardee, Brittany, Mrs. Carolyn, and Michael Arrinston for failure to state a claim, and that the Court **DISMISS without prejudice** Plaintiff's state and local law claims against all Defendants.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address

any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. However, Plaintiff may amend the Complaint to cure any deficiencies noted in this Report and Recommendation. See Fed. R. Civ. P. 15. Should Plaintiff seek to amend the Complaint, Plaintiff must file the amended complaint within fourteen (14) days from the date of this Report and Recommendation.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court is to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of April, 2018.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA