# United States District Court
## for the Southern District of Georgia
### Brunswick Division

LATISHA DENISE FARROW,

    Plaintiff,

    v.

KING & PRINCE SEAFOOD
CORPORATION,

    Defendant.

2:17—cv-150

## ORDER

Before the Court is Defendant King & Prince Seafood Corporation's ("K&P Seafood") motion for judgment on the pleadings, dkt. no. 23, and motion for summary judgment, dkt. no. 24.

## BACKGROUND

After K&P Seafood terminated her employment, Plaintiff Latisha Farrow ("Plaintiff"), who is proceeding *pro se*, filed this lawsuit against several of her former coworkers, alleging employment discrimination claims. Dkt. No. 1. Her amended complaint asserts claims against her former coworkers as well as K&P Seafood. See Dkt. No. 6. Plaintiff's claims against the individual defendants and her state and local claims against K&P Seafood were dismissed pursuant to the Court's Order adopting the

Magistrate Judge's Report and Recommendation. See Dkt. Nos. 8, 9.
Left pending are Plaintiff's federal claims against K&P Seafood.
Those claims include: (i) discrimination in violation of the Age
Discrimination in Employment Act ("ADEA"); (ii) discrimination in
violation of the Americans with Disabilities Act ("ADA"); (iii)
discrimination on the basis of gender, race, and color in violation
of Title VII of the Civil Rights Act of 1964 ("Title VII"); hostile
work environment in violation of Title VII; and (iv) retaliation
in violation of Title VII. See Dkt. No. 6. The discriminatory
employment actions alleged by Plaintiff in connection with those
claims are failure to promote, harassment, and termination. See
id. Defendant, through its motion for judgment on the pleadings,
seeks to dismiss the ADEA claim; the ADA claim; any claim for
discrimination based on "color"; any claim based upon a "failure
to promote"; and any claim for violation of Title VII based on
actions alleged to have occurred more than 180 days prior to
Plaintiff's Charge of Discrimination filed with the Equal
Employment Opportunity Commission on July 24, 2017 ("EEOC
Charge"). Additionally, through its motion for summary judgment,
Defendant seeks to dismiss Plaintiff's Title VII claims of
discrimination based on gender and race, as well as her claim for
retaliation. Dkt. No. 24.

2

## I.  Motion for Judgment on the Pleadings

In support of its motion for judgment on the pleadings, K&P Seafood points to Plaintiff's EEOC Charge and makes one argument, i.e., if Plaintiff did not allege a claim in the EEOC Charge, it should be dismissed.  See Dkt. No. 23.

The "particulars" section of the EEOC Charge, in its entirety, is as follows:

> I was hired on August 14, 2015, as a Packer on Line and this was my last held position.  I informed the Manager and Human Resources that I was being harassed on multiple occasions.  On March 1, 2017, I was discharged.

> Will Frazier (Manager) informed me that I was terminated me [sic] because Tawanna Hardee stated, "I was going to beat her up after work" and the employer will not tolerate that.  No reasons were given for the above actions.

> I believe I was discriminated against because of my race (African American), sex (Female) and due to retaliation for having opposed an employment practice believed to be in violation of Title VII of the Civil Rights Act of 1964, as amended.

Dkt. No. 14 at 11.  When completing the EEOC Charge form, Plaintiff checked the box for (i) discrimination based on race, (ii) discrimination based on sex, and (iii) retaliation.  Id.  The boxes for discrimination based on age, disability, color, religion, national origin, genetic information, or "other" are not checked. Id.  In her amended complaint, however, Plaintiff alleges discrimination based on some unchecked categories—age, disability, and color—as well as the checked ones.  See Dkt. No. 6.  The EEOC

AO 72A
(Rev. 8/82)

issued a Dismissal and Notice of Rights ("Notice") on October 24, 2017. Dkt. No. 14 at 13. The EEOC determined that, "[b]ased on its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised in this charge." Id. The Notice informed Plaintiff that she must file a lawsuit within 90 days of receipt thereof or lose her right to sue based on the EEOC Charge. Id. Plaintiff timely filed this lawsuit on December 18, 2017 and proceeds *pro se.* See Dkt. No. 1; Dkt. No. 6.

## LEGAL STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (quotation marks omitted) (quoting Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001)). "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." Id. (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the

pleadings must be denied." Id. (citing Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1956)).

## A. The ADEA

"The ADEA, as amended, makes it unlawful for an employer to 'discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment because of such individual's age.'" Smith v. Potter, 310 F. App'x 307, 309-10 (11th Cir. 2009) (quoting 29 U.S.C. § 623(a)(1)). "'The ADEA requires that an individual exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit.'" Id. (quoting Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004)).

## B. The ADA

In general, the ADA prohibits a covered entity from discriminating against a qualified individual on the basis of disability in regard to her terms and conditions of employment. See 42 U.S.C. § 12112(a). Before filing suit under the ADA, a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC. See 42 U.S.C. § 12117(a) (applying remedies and procedures of Title VII to ADA); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (stating that exhaustion requires the timely filing of a discrimination charge with the EEOC).

## C.    Title VII

Title VII was enacted to prevent employment discrimination, achieve equal employment opportunity in the future, and to make victims of employment discrimination whole. Hodges v. Stone Savannah River Pulp & Paper Corp., 892 F. Supp. 1571, 1577 (S.D. Ga. 1995). It is unlawful for an employer to discriminate against its employee because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). "[A] person seeking to file a Title VII lawsuit must first file a timely charge with the EEOC alleging a Title VII violation and exhaust all remedies provided by the EEOC." Shi v. Montgomery, 679 F. App'x 828, 831 (11th Cir.) (citing 42 U.S.C. § 2000e-5; Wilkerson, 270 F.3d at 1317), cert. denied, 138 S. Ct. 121 (2017). "Charges must be in writing, be under oath or affirmation, and contain the information and be in the form the EEOC requires." Id. (citing § 2000e-5(b); 29 C.F.R. § 1601.3(a) (2000)).

## D.    EEOC Charge Requirements

"The timely filing of an EEOC charge is considered a condition precedent for bringing a civil action alleging employment discrimination." Reed v. Winn Dixie, Inc., 677 F. App'x 607, 610 (11th Cir. 2017). Plaintiffs have a limited period in which to file a charge with the EEOC. Id. For a charge to be timely in a non-deferral state such as Georgia, it "must be filed in 180 days after the alleged unlawful employment practice occurred." Id.

(citing 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1) (ADEA); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1214 n.2 (11th Cir. 2001) (explaining the basic distinction between "deferral" and "non-deferral" states)); see also Freeman v. Koch Foods of Ala., 777 F. Supp. 2d 1264, 1275 (M.D. Ala. 2011) (explaining that the ADA follows Title VII procedural requirements in that it requires a plaintiff to file an EEOC charge before the 180-day limitations period (citing 42 U.S.C. § 12117(a))). "Failure to file a timely charge with the EEOC generally results in a bar of the claims contained in the untimely charge." Reed, 677 F. App'x at 610 (citing Alexander v. Fulton Cty., Ga., 207 F.3d 1303, 1332 (11th Cir. 2000)).

"The purpose of the exhaustion requirement is to give the EEOC the first opportunity to investigate the alleged discriminatory practices and attempt to obtain voluntary compliance and promote conciliation efforts." Id. (citing Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004)). "Judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but . . . allegations of new acts of discrimination are inappropriate." Gregory, 355 F.3d at 1279-80 (quoting Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989)).

In light of the purpose, the Eleventh Circuit has held that a "plaintiff's judicial complaint is limited by the scope of the

AO 72A
(Rev. 8/82)

EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (quoting Alexander, 207 F.3d at 1332); see also Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460 (5th Cir. 1970) (noting that the allegations in a judicial complaint filed pursuant to Title VII may encompass any kind of discrimination like or related to the allegations contained in the charge). Courts are "extremely reluctant" to allow procedural technicalities to bar employment discrimination claims. See Sanchez, 431 F.2d at 460-61. As such, "the scope of an EEOC complaint should not be strictly interpreted." Id. at 465.

## DISCUSSION

In considering K&P Seafood's motion for judgment on the pleadings, the proper inquiry is whether Plaintiff's amended complaint is like or related to, or grows out of, the allegations contained in her EEOC Charge. Plaintiff, without the aid of counsel, filed an EEOC Charge after she was terminated. The crux of the EEOC Charge is her termination. See Dkt. No. 14 at 11. Her manager, Will Frazier, told her she was terminated because a female coworker, Tawanna Hardee, had reported that Plaintiff threatened "to beat her up after work." Id. Plaintiff specifically alleges race and sex as a basis for discrimination, as well as "retaliation for having opposed an employment practice." Id. Finally, Plaintiff also mentions being "hired on August 14, 2015, as a

AO 72A
(Rev. 8/82)

Packer on Line" which was her "last held position," and "being harassed on multiple occasions." Id.

## Discrimination Based on Color, Age, and Disability

Plaintiff's claims for discrimination based on age (ADEA claim), disability (ADA claim), and color (Title VII-color claim) must be dismissed. Plaintiff did not check the box for those categories on the EEOC Charge, nor did she allege facts which would alert the EEOC to investigate discrimination based on those categories. As such, those claims do not relate to or grow out of her EEOC Charge, see Gregory at 1280, and are **DISMISSED with prejudice.**

## Failure to Promote Allegations

K&P Seafood argues that Plaintiff's "failure to promote" claim contained in the Complaint must be dismissed on the same grounds—because the EEOC Charge contains no such allegations. Dkt. No. 23 at 2.

While the EEOC Charge does not expressly allege K&P Seafood failed to promote Plaintiff because of her protected classification, Plaintiff does mention that she began and ended her employment with K&P Seafood in the same position. Dkt. No. 14 at 11 ("I was hired on August 14, 2015, as a Packer on Line and this was my last held position. . . . On March 1, 2017, I was discharged."). Viewing the facts in the light most favorable to Plaintiff as the non-moving party, Hawthorne, 140 F.3d at 1370, it

is possible the information contained in the EEOC Charge could have alerted the EEOC to investigate why Plaintiff had not been promoted after having been employed by K&P Seafood for approximately one and one-half years. K&P Seafood makes no other argument for dismissal of Plaintiff's failure to promote claim. As such, K&P Seafood's motion for judgment on the pleadings with regard to this claim is **DENIED**.

### Acts that Occurred Prior to 180-day Statutory Period

Finally, K&P Seafood moves for judgment on the pleadings as to "[a]ny claim for violation of Title VII . . . based on actions alleged to have occurred more than 180 days prior to Plaintiff's EEOC charge filed on July 24, 2017." Dkt. No. 23 at 2. K&P Seafood essentially argues for the exclusion of numerous allegations in Plaintiff's Complaint of incidents alleged to have occurred before January 26, 2017, the 180-day "cut-off" date. Id. at 6-8. Among those are complaints about "Mrs. Linda," dkt. no. 6-1 at 2, complaints about Tawana Hardee, id. at 2-3, complaints about "Mrs. Carolyn," id. at 3, and complaints about Will Frazier, id. at 3-4. K&P Seafood's argument is too broad and needs parsing.

The U.S. Supreme Court has distinguished between "discrete acts" of discrimination and cumulative acts which make up a hostile work environment. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002).

AO 72A
(Rev. 8/82)

[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the [180 or 300-]day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.

. . . .

Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice."

Id. at 113, 114. The Court continued,

Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct. See 1 B. Lindemann & P. Grossman, Employment Discrimination Law 348-349 (3d ed. 1996) . . . ("The repeated nature of the harassment or its intensity constitutes evidence that management knew or should have known of its existence"). The "unlawful employment practice" therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own. See *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) ("As we pointed out in *Meritor* [*Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 . . . (1986),] 'mere utterance of an . . . epithet which engenders offensive feelings in a[n] employee,' *ibid.* (internal quotation marks omitted), does not sufficiently affect the conditions of employment to implicate Title VII"). Such claims are based on the cumulative effect of individual acts.

. . . .

AO 72A
(Rev. 8/82)

In determining whether an actionable hostile work environment claim exists, we look to "all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." [*Harris*, 510 U.S. 23.] To assess whether a court may, for the purposes of determining liability, review all such conduct, including those acts that occur outside the filing period, we again look to the statute. It provides that a charge must be filed within 180 or 300 days "after the alleged unlawful employment practice occurred." A hostile work environment claim is composed of a series of separate acts that collectively constitute one "unlawful employment practice." 42 U.S.C. § 2000e-5(e)(1). The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

That act need not, however, be the last act. As long as the employer has engaged in enough activity to make out an actionable hostile environment claim, an unlawful employment practice has "occurred," even if it is still occurring. Subsequent events, however, may still be part of the one hostile work environment claim and a charge may be filed at a later date and still encompass the whole.

Id. at 115, 116-17 (footnote omitted).

In light of the Supreme Court's decision in Morgan, the Court concludes three things. First, with regard to her claims for termination, failure to promote, and retaliation, Plaintiff cannot base those claims on discrete discriminatory acts that occurred

AO 72A
(Rev. 8/82)

outside the statutory time period. "Discrete acts such as termination[ and] failure to promote . . . are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" Morgan, 536 U.S. at 114. Thus, Plaintiff "can only file a charge to cover discrete acts that 'occurred' within the appropriate time period." Id. Second, though the statute of limitations bars claims of discrimination for discrete acts outside the statutory time period, Plaintiff can use those prior acts as background evidence in support of her timely claims of termination, failure to promote, and retaliation.

Finally, Plaintiff may use allegations of incidents outside the statutory period to support her hostile work environment claim. See Dkt. No. 6-1 at 2. As K&P Seafood acknowledged, see dkt. no. 23 at 5, Plaintiff has pleaded discrimination in the form of harassment. Taking the facts in the light most favorable to Plaintiff, the allegations of harassing incidents which occurred outside the statutory time period might be used along with incidents which occurred within the statutory time period to show a practice of harassment amounting to a hostile work environment. Morgan, 536 U.S. at 117 ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.").

13

In summary, K&P Seafood's motion for judgment on the pleadings on the untimeliness ground is **GRANTED in part and DENIED in part**. It is **GRANTED** such that Plaintiff may not assert claims of discrimination based on discrete acts which occurred outside the statutory time period. Plaintiff may, however, use those acts as background evidence to support timely-filed claims of discrimination, i.e. failure to promote because of her gender and race, termination because of her gender or race, retaliation for engaging in protected conduct. Additionally, the motion is **DENIED** such that Plaintiff may use incidents which occurred outside the statutory time period to support her claim for hostile work environment.

## II. Motion for Summary Judgment

On the same date it filed the motion for judgment on the pleadings, K&P Seafood also filed a motion for summary judgment. See Dkt. No. 24. Per the Scheduling Order, the deadline for filing dispositive motions--November 30, 2018—has not yet passed. Dkt. No. 19. In light of the Court's ruling, the parties are permitted to revise their briefs on the motion for summary judgment. Such revisions are due by December 14, 2018.

### CONCLUSION

K&P Seafood's motion for judgment on the pleadings, dkt. no. 23, is **GRANTED in part and DENIED in part**. It is **GRANTED** as to Plaintiff's ADA claim, ADEA claim, and Title VII-color claim; those

claims are **DISMISSED with prejudice**. The motion for judgment on the pleadings is **DENIED** as to Plaintiff's failure to promote claim to the extent Plaintiff asserts such an act occurred within the statutory time period. The motion is **GRANTED** as to discrete employment actions which occurred outside the statutory period. Plaintiff may use incidents which occurred outside the statutory time period as background evidence for her timely claims, including her hostile work environment claim. Remaining before this Court are Plaintiff's claims for discrimination based on race and gender in violation of Title VII; retaliation in violation of Title VII; and hostile work environment in violation of Title VII.

The Court does not rule on the motion for summary judgment, dkt. no. 24, today. The parties are permitted to submit revised briefs focusing on the remaining claims on or before December 14, 2018.

**SO ORDERED**, this 28th day of November, 2018.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA